DECISION
Plaintiff RICO Corporation has petitioned this Court to clarify an earlier decision, specifically with reference to whether the 1994 Earth Removal Ordinance applies to plaintiff's excavation plan which is presently pending before defendant Town Council in tandem with an application for license renewal. Plaintiff argues that it does not apply and that the renewal application must comport only with the requirements of Sections 5 and 6 of the 1973 Act. These sections, in pertinent part, require an applicant to submit: (1) a plan prepared by a registered engineer which demonstrates the final contours of the land upon completion of earth removal operations and the type of ground cover to be planted upon completion of said operations for effective control of wind and water erosion and, (2) an opinion by a registered engineer that upon completion of an earth removal operation, all slopes shall remain at the natural angle of repose.
Plaintiff also requests authorization to proceed in conformance with its previously licensed excavation plan subject to the reclamation requirements of the 1973 Act.
This Court has already ruled that the reclamation requirements of the 1994 ordinance cannot be applied to areaspreviously disturbed by RICO. (Tr. 11). However, RICO is clearly obligated to adhere to those requirements in new areas in order to lawfully proceed with lateral expansion (Tr. 11). (The insertion of "not" before the phrase adhered to" on line 19 on page 11 is definitely an erratum casting the opposite meaning on the import of the statement.).
RICO had previously made the request that its license renewal be governed by Section 9 of the 1994 ordinance and Sections 5 and 6 of the 1973 Act. This Court has unambiguously Stated that such a result was not possible as it "has already been ruled that Section 8(M) of the 1994 Ordinance will not only be applied prospectively . . . but will be a condition precedent to plaintiff's expansion." (Tr. 11-12). Sec. 8(M) mandates that all land excavated be rehabilitated within one year of completion of the excavations of each licensed phase. RICO contends that this provision is inapplicable to its operation because its excavation plan has not been approved in licensed phases.
Additionally, RICO maintains that it need not furnish the town with the engineering details which would enable the Town to determine all post-November 13, 1994 excavation.
The Town Council counters that it is entitled to obtain the information requested — per its October 15, 1998 letter — as a factor in the license renewal consideration. The Town takes the position that its licensure renewal requests are "fully and justifiably grounded in proper authority and are in accordance with the spirit and intent of the orders of this Court." Knowing what this Court's spirit and intent was in fashioning its earlier ruling, the Court completely agrees with the Town's statement. The Town is clearly not obliged to accept plaintiff's renewal application if it conforms merely to Sections 5 and 6 of the 1973 Act. The Court has emphasized that Section 8(M) of the 1994 must be applied and reclamation requirements must be satisfied in order for plaintiff to continue its operations.
Moreover, the Town Council is charged with the duty of promoting the health, safety and welfare of the citizens. This is the very purpose for which the 1994 regulations were imposed. In, order to advance the important objectives of the 1994 Act the Town has requested information of plaintiff which is not only reasonable, but which is its duty to consider.